**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDDIE SMITH,

        Petitioner,

v.

                                         Case Number: 2:18-CV-12919
                                         HONORABLE PAUL D. BORMAN

CONNIE HORTON,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This matter is pending before the Court on petitioner Freddie Smith's habeas

corpus petition under 28 U.S.C. § 2254. Smith is challenging his Wayne County

convictions for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws §

750.520b(1)(a), and one count of second-degree criminal sexual conduct, Mich. Comp.

Laws § 750.520c(1)(a). Respondent, through the Attorney General's office, filed a

motion to dismiss, arguing that the petition is untimely. For the reasons which follow, the

Court grants the motion.

### II. Background

Petitioner's convictions arise from the sexual assault of his niece, A.R. A.R. was

eight years old at the time of trial and testified that, when she visited her great-

grandmother's house, Petitioner often took her to the basement where he kissed her and

"tried to put his privacy inside [her] privacy." 8/7/2002 Tr. at 22 (ECF No. 10-4, Pg. ID 361). This happened between five and ten times. Petitioner told her not to tell anyone or he would kill her. Ultimately, she told her grandmother, Denise Roberson, what Petitioner had done. Roberson contacted police who then began their investigation.

Petitioner was convicted by a jury in Wayne County Circuit Court and, on August 21, 2002, sentenced as a fourth habitual offender to fifty to eighty years imprisonment for each of the first-degree criminal sexual conduct convictions, and ten to fifteen years' imprisonment for the second-degree criminal sexual conduct conviction, all to be served concurrently.

The Michigan Court of Appeals affirmed Petitioner's convictions, *People v. Smith*, No. 245616, 2004 WL 1078978 (Mich. Ct. App. May 13, 2004); and the Michigan Supreme Court denied leave to appeal. *People v. Smith*, 471 Mich. 921 (Mich. Nov. 22, 2004).

On July 9, 2013, Petitioner attempted to file a complaint for mandamus in the Michigan Court of Appeals. The Michigan Court of Appeals rejected the complaint for filing because Petitioner failed to comply with Mich. Comp. Laws § 600.2963. *See Smith v. Wayne Circuit Court,* No. 317115 (Mich. Ct. App. July 18, 2013) (ECF No. 10-8).

On December 29, 2016, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 5/9/2017 Order, *People v. Smith*, No. 02-007068-01 (ECF No. 10-11). The Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People v. Smith*, No. 339588 (Mich. Ct. App. Oct. 17,

2017) (ECF No. 10-12), and, on July 3, 2018, the Michigan Supreme Court also denied

leave to appeal. *People v. Smith*, 502 Mich. 902 (Mich. 2018).

Petitioner filed the pending habeas corpus petition on September 10, 2018. He

also filed a motion for equitable tolling. The Court declined to adjudicate the timeliness

of the petition until Respondent filed an answer and the state court record. *See* 3/15/2019

Order (ECF No. 8). Respondent has filed a motion to dismiss and the relevant state court

record and Petitioner's arguments for equitable tolling are considered below.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations.

Under 28 U.S.C. § 2244(d), a prisoner must file a federal habeas corpus petition within

one year of the "date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . or the date on which the

factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

On direct review, the Michigan Supreme Court denied Petitioner's application for

leave to appeal on November 22, 2004. Because Petitioner did not petition for a writ of

certiorari with the United States Supreme Court, his conviction became final on February

21, 2005, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235

F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until

the time for filing a petition for a writ of certiorari for direct review in the United States

Supreme Court has expired). The limitations period commenced the following day,

February 22, 2006, and continued to run, uninterrupted, until it expired one year later, on February 21, 2007. *See id.* at 284-85 (one-year limitations period commences the day after the expiration of the 90-day period for filing a petition for a writ of certiorari). Petitioner filed his petition on September 10, 2018, over eleven years after the limitations period expired. Absent equitable tolling, the petition is time barred.

Petitioner seeks to equitably toll the limitations period based upon a claim of actual innocence. The Supreme Court has held that a showing of actual innocence may excuse the filing of an untimely petition. *McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013). To evaluate an actual innocence claim in the context of equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 596 (6th Cir. 2005)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (citation omitted). "Based on this total record, the

court must make 'a probabilistic determination about what reasonable, properly instructed

jurors would do.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). This standard does not require

absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely
> than not, in light of the new evidence, no reasonable juror would find him
> guilty beyond a reasonable doubt – or, to remove the double negative, that
> more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Petitioner's actual innocence claim rests upon a phone call he purportedly had with

Denise Roberson, the victim's grandmother, in 2009, and upon MDOC records regarding

his dates of incarceration during the relevant time period. The Court finds that these

arguments fail to raise a credible claim of actual innocence.

Petitioner submits an affidavit from himself in support of his actual innocence

claim. He states that, during a March 7, 2009 phone conversation, his sister Denise

Roberson (the victim's grandmother) admitted that "Defendant has been falsely convicted

of the charges and is wrongfully incarcerated, and further acknowledged that Howard

Rober[]son, the father of [A.R.] is actually guilty of sexually assaulting [A.R.]. *See*

9/8/2018 Affidavit of Freddie Smith, ECF No. 1, Pg. ID 72.

Petitioner's affidavit does not demonstrate actual innocence to a level sufficient to

overcome the statute of limitations. First, a habeas petitioner's own self-serving affidavit

should be reviewed with "great skepticism." *Freeman v. Trombley*, 483 Fed. App'x 51,

58 (6th Cir. 2012). Second, Petitioner provides no other support for Denise Roberson's

alleged statement, such as an affidavit directly from her, and fails to explain the basis for her statement. In fact, at Petitioner's sentencing hearing, Denise Roberson asked, on the behalf of A.R., that Petitioner receive a sentence of sufficient severity to reflect the grave damage done to A.R. and their family. Finally, although the phone conversation occurred in 2009, Petitioner waited until 2016 to file a motion for relief from judgment claiming actual innocence. Based upon these considerations, the Court finds that Petitioner's affidavit fails to assert a credible claim of actual innocence justifying equitable tolling of the limitations period.

Petitioner's argument that he is innocent because Michigan Department of Corrections records show that he was incarcerated at the time of the offenses is also unpersuasive. A.R. testified that the assaults occurred at her great-grandmother's house in Inkster, Michigan, during the period between January 1998 and May 2001. Petitioner argues that he was incarcerated during this time period or, when not incarcerated, living in Detroit, not Inkster. In response, Respondent filed Petitioner's Movement Report, detailing when Petitioner was incarcerated over the relevant time period. The report shows that during the forty-month period from January 1998 through May 2001, Petitioner was incarcerated for approximately six months, leaving 33 months during which Petitioner was not incarcerated. Petitioner offers no argument why the assaults could not have occurred during this 33-month period. Moreover, the jury heard evidence that Petitioner was incarcerated during a portion of the relevant time period and, nevertheless, credited A.R.'s testimony and convicted Petitioner.

6

Finally, while some of the documents provided by Petitioner show that he lived in Detroit at times over the relevant time period, the documents also show that he was somewhat transient and lived with the victim's great-grandmother in Inkster at times. The important inquiry for an actual innocence analysis is whether Petitioner had access to A.R. and the opportunity to assault her while at the Inkster home. The record shows that he did.

The evidence presented by Petitioner, when considered against the evidence adduced at trial, fails to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Equitable tolling is not warranted and the petition is untimely.

### III. Conclusion

For the reasons stated, Respondent's motion for dismissal is GRANTED. The petition is DISMISSED.

Further, because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

SO ORDERED.


Dated: September 16, 2019                    s/Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge